UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  vs.<br><br>FRANK GALLARDO,<br><br>            Defendant. | CR. 15-50061-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Frank Gallardo filed a motion to dismiss the indictment under the Speedy Trial Act, 18 U.S.C. § 3161.  (Docket 51).  The government opposes the defendant's motion.  (Docket 53).  For the reasons stated below, the motion is denied.

**ANALYSIS**

On May 19, 2015, Mr. Gallardo was charged by a two-count indictment with abusive sexual contact with the alleged minor victim, A.B., an Indian child who had not attained 12 years of age.  (Docket 4).  An arrest warrant was issued the following day.  (Docket 9).  On October 16, 2015, Mr. Gallardo was arrested in the District of Montana.  (Docket 12).  Mr. Gallardo made his initial appearance in the District of South Dakota before United States Magistrate Judge Daneta Wollmann on November 20, 2015.  (Docket 17).  A scheduling and case management order was issued the same day, setting the

trial of this case on January 26, 2016. (Docket 19 at p. 2). On December 11, 2015, Mr. Gallardo filed an unopposed motion requesting a two-month continuance of the trial date. (Docket 21). That same day Mr. Gallardo filed a waiver of his speedy trial rights under 18 U.S.C. § 3161 consistent with the motion for continuance. (Docket 22). An order granting the defendant's motion and setting a new trial date of March 22, 2016, was entered. (Docket 23).

On February 22, 2016, the defendant filed a motion to file a pleading under seal with an attached motion to compel discovery ("motion to compel"). (Dockets 29 & 29-1). On February 26, Mr. Gallardo filed a second motion to file a pleading under seal with an attached motion to admit Fed. R. Evid. 412 evidence ("Rule 412 motion"). (Dockets 30 & 30-1). Defendant's motions to file pleadings under seal were granted. (Dockets 32 & 33). On March 2, 2016, defendant's motion to compel and Rule 412 motion were filed. (Dockets 34 & 36). Briefing on both motions was completed on March 21, 2016.

On June 7, 2016, Mr. Gallardo filed a motion to dismiss the indictment on the basis of § 3161 ("speedy trial motion"). (Docket 51). The government opposed the speedy trial motion. (Docket 53).

On July 15, 2016, the court filed an order denying as moot the motion to compel and reserving resolution of the Rule 412 motion pending a hearing in advance of trial. (Docket 55). Addressing the Rule 412 motion, the court found that "the prior sexual abuse of A.B. by Mr. Thunder Hawk may be

admissible . . . [but] the court cannot resolve admissibility or the method by which the potential evidence may be presented to the jury without first conducting the hearing required by Rule 412(c)." Id. at pp. 6-7.

"The Speedy Trial Act . . . commands that a defendant be tried within 70 days of the latest of either the filing of an indictment . . . or the first appearance before a judge or magistrate." Henderson v. United States, 476 U.S. 321, 322 (1986). See 18 U.S.C. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an . . . indictment . . . . shall commence within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."). The date starting the speedy trial clock in this case is November 20, 2015, the date upon which Mr. Gallardo appeared before Magistrate Judge Wollmann. (Docket 17).

The Speedy Trial Act describes periods of delay that "shall be excluded in computing the time within which . . . the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h). One such period of excludable delay is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. § 3161(h)(1)(D). Each motion suspends the speedy trial clock. Id.

Mr. Gallardo submits the indictment should be dismissed since "the time elapsed since arraignment exceeds the limits prescribed in 18 U.S.C. §[§] 3161(c)

and (g)." (Docket 51 at p. 1). He argues both of his motions became ripe for resolution on March 21, 2016, and since the motions had not been resolved by June 7, 2016, the 50 days remaining on the speedy trial clock had expired and the indictment must be dismissed.[1] (Docket 52 at p. 3). Mr. Gallardo asserts because only 30 days can be excluded from the speedy trial clock calculation for the time "during which any proceeding concerning the defendant is *actually under advisement by the court*" and because 80 days had elapsed by the time of his speedy trial motion, the indictment must be dismissed. Id. (emphasis in original) (referencing United States v. Dezeler, 81 F.3d 86, 88-89 (8th Cir. 1996)). Finally, Mr. Gallardo argues "[s]ince this Court did not schedule a hearing within the 50 countable days remaining under the Speedy Trial Act, excluding the 30 days allowed under § 3161(h)(1)(H), this Court can not now set a hearing on Defendant[']s[] motions without running afoul of the law and violating the Speedy Trial Act." (Docket 54 at p. 3).

Defendant's reliance on § 3161(h)(1)(H) is misplaced. The only time subsection H comes into play is *if* the defendant's motion does not require a hearing. It is plain by the language of Rule 412 that unless the defendant's motion is denied, a hearing is *mandatory* as part of the court's resolution of how the other acts evidence will be presented to the jury. Rule 412 states:

---

[1] On March 4, 2016, counsel filed a joint notice of speedy trial calculation. (Docket 40). By the joint notice, counsel agreed there were 50 days remaining under the Speedy Trial Act. Id.

The court may admit the following evidence in a criminal case:

    (A)  evidence of specific instances of a victim's sexual behavior, if offered to prove that someone other than the defendant was the source of semen, injury, or other physical evidence;

    (B)  evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor; and

    (C)  evidence whose exclusion would violate the defendant's constitutional rights.

. . .

Procedure to Determine Admissibility.

    (1)  Motion. If a party intends to offer evidence under Rule 412(b), the party must:

        (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;

        (B) do so at least 14 days before trial unless the court, for good cause, sets a different time;

        (C) serve the motion on all parties; and

        (D) notify the victim or, when appropriate, the victim's guardian or representative.

    (2)  Hearing. Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.

Fed. R. Evid. 412(b)(1) & (c).

5

Mr. Gallardo's Rule 412 motion complied with Rule 412(c)(1)(A), (B), and (C).  (Docket 36).   However, the defendant did not provide the statutory notice required by Rule 412(c)(1)(D) and the court could not rule upon defendant's motion because it had not yet conducted the *in camera* hearing mandated by Rule 412(c)(2).   These are two critical conditions precedent to resolution of the Rule 412 motion.   For these reasons, the July 15, 2016, order specifically found:

> [T]he prior sexual abuse . . . by Mr. Thunder Hawk may be admissible . . . [but] [t]he specific method by which this testimony may be presented to the jury cannot be resolved at this juncture . . . . Whether this evidence is presented through the testimony of A.B. or another witness or by stipulation of the parties must await the Rule 412(c)(2) hearing. . . . The court cannot resolve admissibility or the method by which the potential evidence may be presented to the jury without first conducting the hearing required by Rule 412(c).

(Docket 55 at pp. 6-7).

Mr. Gallardo's brief suggests the court may attempt to violate the Speedy Trial Act.  He asserts "the 'hearing' clause of § 3161(h)(1)[D][2] does not allow a district court to neglect a motion and then attempt to insulate the case from dismissal under the Speedy Trial Act by holding a hearing and thereafter declaring the time prior to the hearing excludable."   (Docket 54 at p. 3) (citing United States v. Williams, 557 F.3d 943, 953 (8th Cir. 2009) (internal quotation marks and brackets omitted).

---

[2]The pretrial motion exclusion provision, § 3161(h)(1)(D), was previously codified at 18 U.S.C. § 3161(h)(1)(F).   No substantive changes were made to the provision.   See United States v. Mallett, 751 F.3d 907, 911 n.3 (8th Cir. 2014).

The court is not neglecting the motion or attempting to insulate the case from dismissal. As discussed above, Rule 412 mandates a hearing. "[T]he 'hearing' clause [§ 3161(h)(1)(D)] controls and the time between the filing and the hearing is . . . excludable. If a district court does not hold a hearing on a motion . . . the 'prompt disposition' clause [§ 3161(h)(1)(H)] is applicable . . . ." Williams, 557 F.3d at 951. "For motions that require a hearing, 'subsection [D] excludes any period of delay caused by any pretrial motion, from the filing of the motion through the conclusion of the hearing . . . whether that hearing was prompt or not.'" Id. at 950 (citing Henderson, 476 U.S. at 326) (internal quotation marks omitted). "The exclusion of [pretrial] motion delay is automatic . . . and the time during which a motion is pending is excludable even if the pendency of the motion is not the cause of the delay." Id. (internal citations, quotation marks and brackets omitted). For these reasons, the defendant's speedy trial motion is denied.

Although not material to the court's decision, it must be pointed out that even if the defendant's arguments were adopted, the speedy trial motion was premature. The parties' joint notice of the speedy trial calculation on March 4, 2016, properly acknowledged there were 50 days remaining on the speed trial clock. (Docket 40). Contrary to the defendant's argument, those 50 days only began to run after the conclusion of the time period waived by the defendant's motion and waiver of speedy trial. (Dockets 21 ¶¶ 2 & 5 and 22). When Mr. Gallardo filed his motion for continuance and waiver on December 11, 2015, he

stopped the speedy trial clock through the period contemplated by the motion, that is, March 26, 2016.  Id.  But for the defendant's Rule 412 motion, the speedy trial clock was scheduled to start again on March 27, 2016.  Had the clock started on that date, and assuming §3161(h)(1)(H) applied, those 80 days [30 days under §3161(h)(1)(H) and the remaining 50 days under the speedy trial clock] would have expired on June 15, 2016.  However, defendant's speedy trial motion filed on June 7, 2016, stopped the clock again with eight days remaining.  The court points this out not to embarrass counsel, but to remind counsel that motions to continue are adopted by the court as date sensitive and each waiver of speedy trial must be considered accordingly.

## ORDER

Based on the above analysis, it is

ORDERED that the defendant's motion (Docket 51) is denied.

Dated August 2, 2016.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE